AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## for the

Eastern District of Missouri

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | )  Case No.  4:20 CR 369 RLW (NAB) |
| DEONTEZ HEMPHILL | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

　☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

　　☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

　　☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

　　☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

　　☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

　　☐ **(e)** any felony that is not otherwise a crime of violence but involves:
　　**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

　☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

　☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

　☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

☐**B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

> ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
>
> ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
>
> ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>
> ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
>
> ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐**C.  Conclusions Regarding Applicability of Any Presumption Established Above**

> ☐ The defendant has not introduced sufficient evidence to rebut the presumption above.
>
> **OR**
>
> ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

> ☒ Weight of evidence against the defendant is strong
> ☒ Subject to lengthy period of incarceration if convicted
> ☒ Prior criminal history
> ☐ Participation in criminal activity while on probation, parole, or supervision
> ☒ History of violence or use of weapons
> ☒ History of alcohol or substance abuse
> ☒ Lack of stable employment
> ☐ Lack of stable residence
> ☐ Lack of financially responsible sureties
> ☐ Lack of significant community or family ties to this district
> ☐ Significant family or other ties outside the United States

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

☐ Lack of legal status in the United States

☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

## OTHER REASONS OR FURTHER EXPLANATION:

On 7/23/2020, the undersigned held a hearing on the government's motion for pretrial detention following Defendant's initial appearance.  Pursuant to the CARES Act, Defendant agreed to appear via video conference and his attorney had the opportunity to consult with him before the hearing.  Attorneys for both parties argued their respective positions and proffered their facts.  The undersigned held the record open until 7/28/2020 so that the parties would have time to review the Bail Report and file supplemental arguments.  A Bail Report was filed on 7/24/2020 (ECF No. 9).  The parties elected not to further supplement the record in this matter.  The undersigned adopts and incorporates by reference herein the facts set out in the Bail Report.  The undersigned has considered the parties arguments and proffers.  Pretrial Services recommends Detention.

The government's position regarding detention is outlined in considerable detail in its written motion for detention, as supplemented prior to the detention hearing (ECF Nos. 4, 5).  Defendant's DNA has been linked to a March 2020 armed carjacking in St. Louis County.  In April 2020, the St. Louis County Police were advised of a specific Ford Taurus that had reportedly been used in a robbery of a business in Madison County, IL.  On May 12, 2020, Officers located the Taurus and attempted to stop it and eventually succeeded, using spike strips to disable the car.  Defendant was the sole occupant of the car and police recovered a stolen pistol at the scene.  Police located a ski mask in the car and that mask was later connected forensically to the March 2020 carjacking.

## ** CONTINUED ON ATTACHED SHEET(s) **

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:          7/30/2020                                    /s/ John M. Bodenhausen
                                                        UNITED STATES MAGISTRATE JUDGE

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

On July 21, 2020, St. Louis County Detectives were lo0king for Defendant and found him driving a red Nissan.  Defendant sped away from the officers, but he eventually stopped and was arrested.  Defendant was the sole occupant of the Nissan and was in possession of a 9mm, semi-automatic pistol with an extended magazine. Defendant purportedly told officers that he's always going to carry a gun and will rearm himself when he is not in jail.

The government also noted that Defendant's criminal history involves stealing a vehicle, resisting arrest, flight from police, and unlawful use of a weapon.  During that incident, for which Defendant was convicted, he shot into the door of an occupied residence in an effort to hide from the police.

Defendant requested release on conditions.  Defendant asked the Court to note that, although he allegedly fled from the police in this matter, he eventually stopped after a brief pursuit.  Defendant asked the Court to consider his relatively young age (22 y.o.) and that he has only one prior conviction from 2018 and he completed that sentence.  Defendant could live with his father if released and he helps care for his fiancé's one-year-old child.  Defendant completed high school and intends to enroll in on-line courses.  Defendant asked the court discount the weight of the DNA evidence connecting him to a prior carjacking because it was a hat and someone else could have left the hat in the car.

Based on the record before the Court, the undersigned concludes that the government has met its burden of proof with respect to Defendant's dangerousness and the risk of nonappearance.  There is no condition, or combination of conditions, that would reasonably ensure Defendant's appearance and the safety of the community.

Defendant only has one set of related convictions, but as the government notes, those convictions are recent and involved violent and dangerous conduct.  Furthermore, Defendant received a relatively slight sentence and was on parole, or had only recently completed parole, at the time of the March carjacking.  For the limited purposes of deciding the government's motion for pretrial detention, the undersigned finds that the weight of the government's evidence is strong and that Defendant would most likely rearm himself and pose a serious danger to the community if released on any conditions.

The government's motion for pretrial detention is granted.